IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOHAMED MAGASSOUBA, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-23-767 |
| PRINCE GEORGE'S COUNTY, et al., | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff alleges in Count XIV that Defendants Porter, Mrotek, Loveday, Walden, Waddy, and Prince George's County are liable under 42 U.S.C §§ 1985 and 1986 for conspiracy to deprive Plaintiff of his civil rights. ECF No. 1 at 36.

In *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 378 (1979), the Supreme Court held that the "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." *See also Bangura v. Dep't of Pub. Safety & Corr. Servs.*, No. JKB-23-2728, 2025 WL 449681, at *8 (D. Md. Feb. 10, 2025) (citing *Novotny* and dismissing the plaintiff's § 1985(3) claim for failure to state a claim where the essence of the complaint was employment discrimination); *Davenport v. Maryland*, 38 F. Supp. 3d 679, 692 (D. Md. 2014) (same); *Bradley v. Balt. Police Dep't*, 887 F. Supp. 2d 642, 648 (D. Md. 2012) (same). Courts have held that when a § 1985 claim is dismissed under *Novotny*, corresponding § 1986 claims must be dismissed as well. *See Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 3036548, at *13 (E.D.N.C. June 5, 2020) (dismissing the plaintiff's § 1986 claim because the § 1985 claim was dismissed under *Novotny*); *Smith v. Washington Suburban Sanitary Comm'n.*, No. RDB-04-2288, 2006 WL 4706998, at *6 (D. Md. Oct. 4, 2006) ("Because a claim under 42 U.S.C. § 1986

essentially requires a showing that Defendant allowed a § 1985 civil conspiracy to take place [and the § 1985 claim was dismissed], there is no basis for a § 1986 claim.").

On May 27, 2025, Defendants Loveday and Mrotek filed a Motion to Allow Filing of Motion for Summary Judgment as to Count XIV and Motion for Summary Judgment as to Count XIV ("Loveday and Mrotek's Motion"). ECF No. 48. Plaintiff initially opposed Lovetek and Mrotek's Motion. ECF No. 52. On June 3, 2025, having reviewed the parties' Joint Proposed Pretrial Order, the Court cited the precedent referenced above and ordered Plaintiff to show cause by June 10, 2025, as to why his claims in Count XIV should not be dismissed for failure to state a claim. ECF No. 53. Plaintiff responded by submitting notice of his consent to the relief requested in Loveday and Mrotek's Motion ("Plaintiff's Notice"). ECF No. 54.

Plaintiff's Notice is not responsive to the Court's order to show cause as to why Count XIV should not be dismissed as to all defendants. The deadline to respond to the Court's order to show cause having passed, I find that Plaintiff's claims in Count XIV must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

It is ORDERED that Plaintiff's claims against all defendants for violation of 42 U.S.C. §§ 1985 & 1986 (Count XIV) shall be dismissed with prejudice

Entered this 18th day of June, 2025.

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge

2